STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-97
RAC - CUM - 3/19/2002

PHONECARDS, INC.

     Plaintiff


    v.                               **ORDER**

FEDEX CORPORATION

     Defendant


     The matter is before this court on Defendant's Motion for Summary Judgment or Partial Summary Judgment

*Facts*

     FedEx is a Delaware corporation registered to do business in Maine. Phonecards, Inc. a/k/a Phonecards, Etc. (Phonecards) is a Maine corporation that wholesales phone cards to convenience stores and other vendors. Phonecards often ships C.O.D. via FedEx.

     On July 27, 2000, Phonecards tendered a package to FedEx for C.O.D delivery to an addressee in Harrisburg, Pennsylvania (the shipment). Phonecards alleges that on the morning of July 28, 2000, Phonecards learned from its bank that it had received counterfeit money orders from the addressee; that Phonecards immediately telephoned FedEx to stop delivery; that FedEx confirmed by phone that delivery of the package would not occur; that in the afternoon of the same day, FedEx informed Phonecards that the shipment had been delivered after the addressee appeared at the FedEx office, demanding delivery; that FedEx received $13,339.50 in mostly counterfeit money orders [bearing an artificial water mark] from the addressee as payment. Phonecards claims against FedEx breach of contract, negligence, and common carrier liability.

*FedEx 's motion for summary judgment or partial summary judgment*

     FedEx claims that it is entitled to summary judgment since it performed all obligations pursuant to the contract of carriage. FedEx denies any mishandling of the shipment, and assumes no liability for the fraudulent payment to Phonecards. FedEx claims that the airbill, incorporating the service guide, forms the contract of

1

carriage between shipper and carrier. Both airbill and service guide state that the risk of loss, including risk of non-payment and forgery, are on the shipper for a C.O.D. delivery. FedEx alleges that Phonecards contractually assumed all risk of fraud, by signing the airbill. FedEx maintains that its only duty was to deliver the shipment, and to collect and deliver the payment instrument payable to the shipper.

In the alternative, FedEx seeks partial summary judgment limiting its liability to $100. The airbill and service guide expressly state that FedEx's liability for failure to collect payment is limited to the C.O.D. amount or $100, whichever is less, unless the shipper pays for and declares a higher authorized value. Since Phonecards neglected to declare a value for the shipment, FedEx argues that FedEx is limited to $100 liability.

## Phonecards' opposition

Phonecards claims breach of contract and negligence against FedEx for FedEx's delivery of the shipment *after* Phonecards had explicitly requested FedEx to stop delivery. Phonecards had informed FedEx that the reason for the stop delivery request was that Phonecards had reason to believe that the addressee would pay in counterfeit funds. Phonecards maintains that its stop delivery request was either a modification to the contract or a new contract. Because FedEx failed to stop delivery upon Phoncecards' request, knowing that the delivery would probably result in damage to or loss of the shipment, Phonecards claims that FedEx is liable for common law conversion, defined as a carrier's reckless, willful or intentional misconduct which causes a misdelivery or nondelivery. Phonecards maintains that this conversion voids the limited liability clause of the airbill.

## Standard of review

A party is entitled to summary judgment when there are no genuine issues of material fact, and that party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Shinberg v. Szanton*, CV-01-322 (Me. Super. Ct., Feb. 4, 2002) (Cole, J.). To survive a defendant's motion for summary judgment, a plaintiff must produce evidence that, if produced at trial, would be sufficient to resist a motion for summary judgment as a matter of law. *Shinberg*, *2.

## "Savings clause" of the Airline Deregulation Act

FedEx is a licensed air carrier. *Zorn v. Federal Express Corporation*, 2001 WL 1710731 (Me. Super), CV-00-415 (Me. Super. Cit., Oct. 12, 2001) (Crowley, J.). The Airline Deregulation Act of 1978, like its predecessors the Federal Aviation Act and the Civil Aeronautics Act, includes a "savings clause" that expressly preserves common law remedies against air carriers for lost shipments. 49 U.S.C. App. § 1506 (cited in *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 928 (5th Cir. 1997)). Thus, although the ADA bars state-imposed regulation of air carriers, it allows room for

2

court enforcement of contract terms set by the parties themselves. 49 U.S.C.App. § 1305(a)(1) (cited in *American Airlines, Inc. v. Wolens,* 513 U.S. 219, 222 (1995)).

In transactions involving air carriers, the airbill serves as a contract for carriage. *Sam L. Majors Jewelers v. ABX, Inc. d/b/a Airborne Express,* 117 F. 3d 922, 930 (5th Cir. 1997). By giving FedEx the shipment to deliver, Phonecards agreed to the terms of the airbill, which state in part:

> By giving us your package to deliver, you agree to all the terms on this Airbill and in our current Service Guide, which is available upon request... No one is authorized to alter or modify the terms of our Agreement. **Defendant's Motion, p. 5.**

Thus, Phonecards' argument that it modified the agreement by calling FedEx after the shipment had been picked up in order to request stopped delivery is without merit. Nonetheless, FedEx may have breached its original duty to properly deliver the shipment. In *Zorn,* this Court found that FedEx breached its contract with a shipper by failing to obtain a valid certified cashier's check or money order in payment for a delivered shipment. *Zorn,* *5. The Court reasoned that Zorn's breach of contract claim preempted federal law, pursuant to *Wolens. Id.* Because in the instant case the Court may find FedEx liable for breach of contract or negligence, the Court will deny full summary judgment for FedEx.

*$100 limit on liability*

FedEx moves, in the alternative, for partial summary judgment to limit its liability, if FedEx is found liable, to $100. The airbill, which serves as a contract of carriage, states:

> Unless you declare a higher value in Section 7, FedEx's liability is limited to $100...Our liability for loss, damage, delay, nondelivery, misdelivery, misinformation, failure to collect the C.O.D. amount, failure to collect an instrument in the wrong amount in connection with your C.O.D. shipment is limited to your actual damages, the C.O.D. amount, or $100, whichever is less, unless you pay for and declare a higher authorized value. We do not provide cargo liability insurance.
> **Defendant's Motion, p. 9-10.**

Moreover, the FedEx service guide, incorporated by reference into the airbill, states:

> Checks (including cashier's, certified, business and personal checks) and money orders for the C.O.D amount will be collected *at the shipper's sole risk,* including , but not limited to, all risk of nonpayment, *fraud and forgery* (emphasis added)...The declared value of any shipment represents our maximum liability in connection with a shipment, including, but not limited to, any loss, damage, delay, *misdelivery,* nondelivery, misinformation, any failure to provide information, or misdelivery of information (emphasis added).
> **Defendant's Motion, p. 10.**

3

Since Phonecards did not declare a value for its misdelivered shipment, FedEx may only be liable for a maximum of $100.

Wherefore, the Court shall GRANT Defendant's Motion for Partial Summary Judgment to limit liability for misdelivery of Phonecards' shipment to $100.

Dated:     March _19_, 2002

Roland A. Cole
Justice, Superior Court

4

Date Filed __02-22-01__ ____Cumberland____   Docket No. __CV-01-97__
                              County

Action _____Damages_____


        Phonecards, Inc.                          FedEx Corporation




                                        vs.

Plaintiff's Attorney                    Defendant's Attorney
                                        JOHN MCCARTHY, ESQ.
        Nicholas H. Walsh, Esq.         P.O. BOX 1401
        111 Commercial Street           BANGOR, MAINE   04402-1401
        Portland, Maine   04101         947-4501
                                        TIMOTHY A GINN ESQ. 901-434-8537
                                        FEDERAL EXPRESS CORP.
                                        3620 HACKS CROSS ROAD, BLDG B-3RD FLOOR
                                        MEMPHIS TENNESSEE 38125


    Date of